Judge Robertson
delivered the opinion of the Court.
This is an action of assumpsit, by the assignees of a promisory note, against their assignor; bn the promise implied by the assignment.
James Thomas, bolding anote on John C. Cotton, for $100, due the 28th of June, 1818, assigned it to the defendants in error, on the 1st of September, 1818. The assignor, assignees and obligor, all lived, at that time, in Clarke county. A writ issued in favor of the assignees, against the obligor, on the 16th September, 1818, returnable to the September term, and *218 was returned not executed, because Cotton “had been absent.” An alias writ, returnable to the next term, (March, 1819) being executed, judgment was rendered on the note, in favor of the assignees.
Assignee must sue in time, first term, or shew sood reason for d.o!nS ¡n¡í execution only ordinary dilifie”f assignee.0
*218 On the 1st of May, 1819, they took out a fieri facias on the judgment, which was returned, “noproperty.” On the 6th of May, 1819, they procured a ca: sa: also directed to Clarke county, which was returned, not executed, because Cotton had removed to Fayette. On the22d of June, 1819, Cotton died intestate. Thomas having administered on his estate, a scire facias, to revive the judgment against him, issued on the 14th day of May, 1821. At the June term, 1821, a judgment being rendered for execution, a fieri facias issued against Thomas, on the 31st of July, 1821, which was returned, “no property.” This suit was then brought. The defendants in error obtained a verdict and judgment, and the court having refused to award a new trial, this writ of error is prosecuted. It was proved that Cotton had money about the time of his death.
The only question presented for consideration, by the record is, whether the assignees have shown due diligence in prosecuting their remedies, for coercing the amount of their note, from Cotton, or his representatives.
It is proved by the clerk of the Clarke circuit court, that he had not time to issue an execution before the 1st of May, 1819, although the court adjourned on the 6th of April preceding, and the execution was ordered immediately after the adjournment.
It was proved for the plaintiff in error, that Colton had property enough to have enabled the assignees to make the amount of the note, if they had obtained a judgment at September, 1818, and that he sold his personal estate, which was sufficient to pay off the judgment, in Winchester, about the last of April, 1819, at auction, having previously advertised the sale, and invited his creditors to attend and buy property in discharge of their demands.
No reason is shown for not instituting the suit in ti^e to have obtained a judgment, at the September *219 term, 1818. It is not proved that Cotton was. out of the county, so that process could not have been served upon him, ten days before the September term, 1818. As, therefore, it is probable, from the proof, that if a judgment had been obtained at that time, the amount of it could have been made out of Cotton, by execution, it is our opinion, that the assignees have not observed due and proper diligence. If they had shown any good reason lor not having process executed in time to obtain a judgment at September, 1818, we are inclined to the opinion, that the delay in issuing executions, after the judgment was rendered j ought not to prejudice them. The testimony of the clerk proves that a fieri facias was ordered on the day on which the court adjourned, and that it was his. fault that it did not issue immediately. We would not be inclined to exact of assignees, more than ordinary diligence. And, therefore, although the assignees, in this case, might perhaps have procured an execution sooner than they did, by applying for it in person, as they resorted to the usual course, they should not suffer for not making extraordinary efforts.
Triplett j for plaintiff..
They might have revived their judgment sooner than they did. But they were not bound to revive it at all, after a return of “no property,” on the fieri facias against Cotton, unless he had removed himself and property to Fayette, before the fieri facias and the car sa: issued to Clarke, and that fac.t was known to them. In that event, they would have had no cause of action on the assignment, without showing a due prosecution of their remedy against the administrator. No sufficient reason appears for not issuing, a'ca: sa: to Fayette.
Judgment reversed and canse remanded for a new; trial.